By the Court.
 

 This ease was tried upon the fourth amended petition, which averred, among other grounds of negligence, the following:
 

 “That at the time herein complained of defendant, the Cleveland Bailway Company * * *
 

 negligently, as plaintiff was in the act of alighting from said ear and at or about the instant said collision occurred, closed or started to close the door of said exit, so that the same was forced against her in a violent and sudden manner, thereby causing or contributing to cause her to be thrown against said farebox railing; and negligently failed and neglected seasonably to warn or apprise plaintiff that said collision was imminent and that said door was about to be closed in the manner herein described.”
 

 The record of the testimony of plaintiff and several of her witnesses discloses evidence tending to prove that she received her injuries, or at least a part of them, by the closing of the doors of the
 
 *632
 
 car against her, and that the doors were closed against her by the agent of the defendant company prior to the instant of the collision of the automobile with the ear of the defendant company.
 

 The plaintiff’s evidence upon this issue, under the authority of the case of
 
 C., C., C. & St. L. Ry. Co.
 
 v.
 
 Lee, ante,
 
 391, 145 N. E., 843, the case of
 
 Pope, Admx.,
 
 v.
 
 Mudge,
 
 108 Ohio St., 192, 140 N. E., 501, the case of
 
 McMurtrie
 
 v.
 
 Wheeling Traction Co.,
 
 107 Ohio St., 107, 140 N. E., 636, and
 
 Vignola
 
 v.
 
 New York Cent. Rd. Co.,
 
 102 Ohio St., 194, 131 N. E., 357, was sufficient to carry the case to the jury, and it was error for the court to sustain the motion of the defendant for a directed verdict.
 

 The judgment of the Court of Appeals and court of common pleas is reversed and the cause remanded.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day, Allen and Conn, JJ., concur.